UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAFAEL RODRIGUEZ

v. CA No. 04-131-T

UNITED STATES

**MEMORANDUM AND ORDER**

ERNEST C. TORRES, Chief Judge.

Rafael Rodriguez has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, that motion is denied.

**Background and Facts**

On September 20, 2002, Rodriguez pled guilty to a charge of illegally re-entering the United States after having been deported in violation of 8 U.S.C. § 1326(a) and (b)(2). The Presentence Investigation Report ("PSR") calculated Rodriguez's guideline range as 70-87 months based, in part, on a criminal history category of V. In calculating the criminal history category, the probation officer assessed three criminal history points pursuant to §§ 4A1.1(d) and 4A1.1(e) of the United States Sentencing Guidelines on the ground that Rodriguez's offense was committed within two years after his release from prison for a drug trafficking offense and while he was on probation for that offense.

Rodriguez's counsel objected to the assessment of those points on the ground that the drug offense was committed after, not before, the unlawful re-entry. Rodriguez's counsel also moved for



4

a downward departure on that ground and on the grounds that: (1) Rodriguez voluntarily disclosed his illegal status to police at the time he was arrested on the drug charges and (2) Rodriguez should get credit for the time served in state custody after the U.S. Immigration and Criminal Enforcement Agency ("ICE") filed the detainer that led to his prosecution for illegal re-entry.

This Court sustained the objection to assessment of the three criminal history points, thereby reducing Rodriguez's criminal history category from Level V to Level IV and reducing his guideline range from 70-87 months to 57-71 months. This Court also denied the motion for downward departure and sentenced Rodriguez to 64 months followed by three years of supervised release. Rodriguez did not appeal that sentence.

In his § 2255 motion, Rodriguez claims that his counsel was ineffective because: (1) counsel failed to review the PSR with him and failed to object to unspecified portions of the Report and (2) counsel failed to request a downward departure under § 5K2.0 of the Guidelines in order to obtain credit for time served in federal custody. It is clear, from the record, that there is no basis for either claim.

## **Analysis**

### I. The PSR

Rodriguez's assertion that counsel failed to review the PSR with him is flatly contradicted by the following exchange during

the sentencing hearing:

> THE COURT: This case is here for sentencing, Mr. Rodriguez having previously pled guilty to a single count indictment charging reentry deportation.
> Mr. Harris and Mr. Rodriguez, have you both had an opportunity to review and discuss the Presentence Report?
>
> MR. HARRIS: Yes, your Honor, I've had the opportunity to discuss the Presentence Report and the Addendum.
>
> THE DEFENDANT: Yes, Your Honor.

Transcript of Sentencing Hearing conducted on May 30, 2003 at 2.

Rodriguez's assertion that counsel failed to object to the PSR also is flatly contradicted by the record. As previously stated, not only did counsel object to the manner in which Rodriguez's criminal history was calculated, that objection was successful. To the extent that Rodriguez is claiming that counsel was ineffective in failing to object to some other facet of the PSR, his claim fails because he has not specified the portion of the PSR in question, why counsel should have objected to it and/or what prejudice he has sustained as a result of the failure to object.

II. Downward Departure

Once again, to the extent that Rodriguez claims that counsel was deficient in failing to seek credit for time spent in state custody after the immigration detainer was filed, that claim is at odds with the facts. As previously stated, counsel did seek a downward departure on that ground but the Court rejected counsel's argument.

To the extent that Rodriguez is claiming that counsel was

ineffective in not arguing that Rodriguez should have received credit for time spent in federal custody prior to sentencing, the claim does not deal with the effectiveness of counsel and, in any event, it is moot.

The time spent in federal custody that is credited toward a defendant's federal sentence, initially, is calculated by the Bureau of Prisons ("BOP") after sentence is imposed. Neither counsel nor the Court are involved in the calculation unless it is alleged that BOP has made an error. Therefore, counsel's failure, at the time of sentencing, to seek credit for time spent in federal custody cannot constitute ineffective assistance.

In any event, while it appears that, initially, the BOP erroneously failed to credit Rodriguez for the time between June 18, 2002, when he completed his state sentence and was taken into federal custody, and May 30, 2003, when he was sentenced for illegal re-entry, the BOP has since acknowledged the error and has recalculated Rodriguez's sentence.

**Conclusion**

For all of the foregoing reasons, Rodriguez's § 2255 motion is denied.

ENTER:

Ernest C. Torres

Ernest C. Torres, Chief Judge
Date: November 9, 2006